**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4220**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

JAMARUS MARQUIS SUTTON,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00059-LHT-4)

Submitted:  May 26, 2010                Decided:  June 23, 2010

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamarus Marquis Sutton appeals his guilty plea, pursuant to a plea agreement, for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, Sutton contends that the district court erred in sentencing Sutton without conducting a hearing or inquiry into Sutton's claims of innocence during the sentencing hearing. Additionally, Sutton contends that his trial attorney was ineffective in failing to move to withdraw Sutton's plea or take any other action after Sutton's claim of innocence during sentencing. We affirm.

In its brief, the Government contends that the plea waiver contained in Sutton's plea agreement precludes Sutton's challenge to the district court's failure to inquire as to Sutton's guilt. Whether a defendant effectively waived his right to appeal pursuant to a plea bargain is an issue of law that is reviewed de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of its plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. Id. An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forgo the right to appeal." United

2

States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citations omitted). To decide whether a defendant's waiver results from a knowing and intelligent decision, a court must examine "'the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). An appeal waiver does not preclude challenges to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor like race, or claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. Id. After reviewing the record, we find that Sutton knowingly and voluntarily waived his appeal rights, and this issue falls within the scope of the waiver. Accordingly, this issue is barred by Sutton's plea agreement.

In his second claim, Sutton alleges that his attorney was ineffective in failing to take any action after Sutton's claim of innocence during sentencing. Because this claim

3

concerns a violation of Sutton's right to counsel, this issue is not barred by the appeal waiver and may proceed.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must ordinarily bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

In order to succeed on a claim of ineffective assistance, defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the first prong of Strickland, a defendant must demonstrate that counsel's performance was unreasonable under "prevailing professional norms." Id. at 688. We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Generally, to satisfy the second prong of Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." Id. at 694.

After review, we conclude that the record does not conclusively establish that Sutton's counsel was ineffective. Accordingly, this issue is not cognizable on direct appeal, but must be pursued, if at all, in an appropriate motion for post-conviction relief.

Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED